NOT DESIGNATED FOR PUBLICATION

No. 117,312

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMANDA JO ROCHELLE WIEGAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Amanda Jo Rochelle Wiegand appeals the district court's decision to revoke her probation and impose her underlying prison sentence. We granted Wiegand's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48), which, in its response, the State did not contest. After review, we affirm the district court.

Wiegand pled to offenses in three cases. In 14CR297 she pled no contest to two counts of forgery, both severity level 8 nonperson felonies, and two other misdemeanors. For these offenses the district court sentenced Wiegand to 18 months' probation with an underlying 12-month term of imprisonment. In 14CR530 she pled no contest to several

1

misdemeanors and one count of theft, a severity level 9 nonperson felony. The district court sentenced her to 12 months' probation with an underlying 10-month term of imprisonment. In 15CR893 she pled guilty to one count of theft, a severity level 9 nonperson felony. The district court sentenced her to 12 months' probation with an underlying 10-month term of imprisonment. These three sentences were ordered to be served consecutively to one another.

Subsequently, Wiegand stipulated several times to violating the terms of her probation. In response to these stipulations, Wiegand received several sanctions, including modification of her probation and a 120-day prison sanction. The record on appeal does not definitively reflect if Wiegand was ever ordered to serve any "quick dip" intermediate sanctions by the court or her supervising court services officer.

On December 22, 2016, Wiegand stipulated to multiple probation violations, including testing positive for methamphetamine and being unsuccessfully discharged from treatment. Because of these violations, the district court revoked Wiegand's probation and imposed her underlying sentences. The district judge stated, "The Court finds that the defendant is not amenable to probation. That community corrections has exhausted all efforts, graduated sanctions were not effective in getting Ms. Wiegand to realize the potential on probation, and for all the reasons stated by the Court the defendant's probation is revoked."

On appeal, Wiegand argues the district court abused its discretion by revoking her probation and imposing the underlying prison sentences. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan.

948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by K.S.A. 2016 Supp. 22-3716. Wiegand bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

With certain exceptions, K.S.A. 2016 Supp. 22-3716 requires that the district court impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). K.S.A. 2016 Supp. 22-3716(c) mandates that a district court may not revoke a defendant's probation and require him or her to serve the underlying prison sentence for a first violation. Rather, under this statute, a district court must impose an intermediate sanction entailing a limited period of incarceration coupled with reinstatement of probation. However, there are a few exceptions that permit a district court to order a defendant to prison for a first probation violation: (1) when a probationer "absconds from supervision," (2) when a probationer commits a new crime, or (3) if a probationer's welfare or the public's safety would be jeopardized by imposing intermediate sanctions. K.S.A. 2016 Supp. 22-3716(c)(8)-(c)(9).

Here, the district court had the discretion to revoke Wiegand's probation because she admitted to violating the conditions of her probation and the district court found her welfare was not served on probation. See K.S.A. 2016 Supp. 22-3716(c)(9)(A). The court supported this finding by stating "graduated sanctions were not effective in getting Ms. Wiegand to realize the potential on probation" and that all efforts had been exhausted. Wiegand makes no showing that a reasonable person could have disagreed with the district court's decision. The district court did not abuse its discretion by revoking her probation and imposing Wiegand's underlying prison sentences.

Affirmed.